IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JONATHAN BUNDREN | ) | |
| | ) | |
| v. | ) | NO: 1:17-0016 |
| | ) | |
| CPL. DANIEL HALBROOKS,[1] et al. | ) | |

TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered February 13, 2017 (Docket Entry No. 4), the District Judge referred this case to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is a motion for partial dismissal filed by Defendants Daniel Halbrooks, Timothy Thomas, and Dustin Mackin (Docket Entry No. 24). Plaintiff has not responded to the motion. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be granted.

## I. BACKGROUND AND MOTION

Jonathan Bundren ("Plaintiff") is an inmate within the Tennessee Department of Correction ("TDOC") currently confined at the South Central Correctional Facility. He filed this lawsuit *pro*

---

[1] The correct spelling for the last name of the named Defendant is Halbrooks, not Hallbrooks. *See* Motion for Extension of Time (Docket Entry No. 14). The style of the case is accordingly corrected.

*se* and *in forma pauperis* seeking monetary and prospective injunctive relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred at the Turney Center Industrial Prison ("Turney Center"), where he was previously confined. Plaintiff alleges that was housed in protective custody at the Turney Center from October 12, 2016, through January 20, 2017, and that Turney Center guards Daniel Halbrooks ("Halbrooks"), Timothy Thomas ("Thomas"), and Dustin Mackin ("Mackin"), with the assistance of another inmate, harassed and physically mistreated him while he was in protective custody. He further claims that he was coerced by the guards and the inmates into participating in a scheme to have drugs mailed to him in the prison and that, when he tried to file grievances about the situation, he and his family were threatened with bodily harm and he was "set up" and charged with a disciplinary infraction.

Process was issued to Halbrooks, Thomas, and Macklin (hereinafter referred to collectively as "Defendants") on Plaintiff's complaint. In lieu of an answer, Defendants have filed the pending motion for partial dismissal of Plaintiff's claims. In their motion, Defendants move to dismiss all claims brought against them in their official capacities because those claims are, in essence, claims against the State of Tennessee and are barred by sovereign immunity. *See* Memorandum In Support (Docket Entry No. 25) at 3-4. Additionally, Defendants move to dismiss Plaintiff's requests for injunctive relief, contending that his request to be moved from the Turney Center is moot because he is no longer confined at the Turney Center and that his requests that, 1) an investigation be conducted and published, and 2) that Turney Center staff be punished, are not remedies that can be granted as relief as a result of his lawsuit. *Id*. at 4-6. By Order entered September 18, 2017, Plaintiff was notified of the need to respond to the motion and given a deadline of October 27, 2017, to file

his response. *See* Docket Entry No. 26. The docket reflects that Plaintiff has not responded in any manner to the motion.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires a complaint to contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). To be facially plausible, a claim must contain sufficient facts for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In its review of a Rule 12(b)(6) motion, the Court must accept as true all of the well-pleaded allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the *pro se* plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Although the Court is required to liberally construe the *pro se* pleadings, this does not require the court to apply a more lenient application of the substantive law. *See Bennett v. Batchik*, 1991 WL 110385 at *6 (6th Cir. 1991) (citing *Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983)); *Lyons v. Thompson*, 2006 WL 463111 at *4 (E.D. Tenn. Feb. 24, 2006).

## III. ANALYSIS

The motion for partial dismissal of Plaintiff's claims should be granted. Defendants' arguments for dismissal are legally sound and have not been rebutted by Plaintiff.

Defendants are employees of the TDOC, an agency of the State of Tennessee. Because official capacity claims against an individual are essentially claims against the individual's employer, *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Johns v. Bonnyman*, 109 Fed.App'x. 19 (6th Cir. Aug. 6, 2004), Plaintiff's request for monetary damages from Defendants in their official capacities is for all purposes a claim for monetary damages against the State of Tennessee. However, a claim for monetary damages under 42 U.S.C. § 1983 brought against the State of Tennessee is barred by the Eleventh Amendment and must be dismissed. *Kentucky*, 473 U.S. at 169; *Turker v. Ohio Dept. of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998).

Although the Eleventh Amendment does not bar claims for injunctive relief against a state official sued in his official capacity, Plaintiff does not have viable claims for injunctive relief. Because Plaintiff is no longer confined at the Turney Center, his request for a transfer from the Turney Center has become moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Additionally, this Court has no authority within the context of Plaintiff's Section 1983 lawsuit to order that an investigation of Turney Center be initiated or that charges or punishment be instituted against Turney Center employees.

## RECOMMENDATION

For the foregoing reasons, the Court respectfully RECOMMENDS that the motion for partial dismissal filed by Defendants Daniel Halbrooks, Timothy Thomas, and Dustin Mackin (Docket Entry No. 24) be GRANTED and that Plaintiff's official capacity claims against Defendants and his requests for injunctive relief in this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                    Respectfully submitted,

                                    BARBARA D. HOLMES
                                    United States Magistrate Judge